carrying a light in his rigging, the steamboat is alike exempt from a claim of damages, no fault being proved against her, the decided weight of evidence being that, with the exercise of every reasonable diligence on board, the Canning was not seen in time to be avoided. But, the case presenting the point directly, I have no hesitation in saying that not only was the George Canning acting in violation of an express law in lying at her place of anchorage without showing a light, but that, independent of the state statute, it was culpable negligence in her to remain in the then darkness of the night without both such light and a watch on deck.

Decree dismissing the libel, with costs to be taxed.

## Case No. 13,854.

### The THALES.

[Nowhere reported; opinion not now accessible.]

## Case No. 13,855.

### The THALES.

[3 Ben. 327.] 1

District Court, S. D. New York. June, 1869.2

MARITIME LIEN—SUPPLIES—BONDING VESSEL— REARREST.

Where a libel was filed against a vessel, to recover for supplies furnished to her, and the vessel, having been seized under process issued on the libel, was on the 10th of July, 1857, discharged on a bond given without notice to the libellants, the practice of the court at that time not requiring such notice, and, on the 4th of March, 1858, the libellants, on consent of the claimants, discontinued the cause, paying the costs of the action, and, on the same day, filed another libel against the vessel for the same cause of action: Held, that the vessel was discharged of the lien for the supplies by the giving of the bond in the first suit, and was not liable to the second action.

[Cited in Bolten v. The James L. Pendergast, 30 Fed. 720; Morrison v. District Court of United States, 13 Sup. Ct. 253; U. S. v. The Haytian Republic, 14 Sup. Ct. 994.]

In admiralty.

Horace Andrews, for libellant.

Robert D. Benedict, for claimants.

BLATCHFORD, District Judge. This libel was filed March 4th, 1858, by the firm of B. M. & E. A. Whitlock & Co., against the bark Thales, to recover a sum of money, as the balance remaining due for certain repairs, supplies, and advances claimed to have been furnished at Pensacola, Florida, in the fall of 1856, by the firm of Keyser, Judah & Co., commission merchants there, for the use of the bark, and on her credit. When the suit was brought, the claim belonged to B. M. & E. A. Whitlock & Co., and it has since been assigned to William H. Judah, who has been substituted as libellant.

One of the defences set up in the answer is, that, on the 9th of July, 1857, a libel was filed in this court by B. M. & E. A. Whitlock & Co., against the same vessel, for the same cause of action; that the vessel was arrested in that suit, and was duly discharged, on a bond being given in due form; and that thereby the vessel was discharged from the claim, so that this suit cannot be maintained against her. It appears, that the libel in the former suit was for the same cause of action, and that, on the filing of a claim, and of a stipulation for the claimants' costs, together with a bond, under the act of congress, in double the amount claimed, approved by the judge of the court, the vessel was discharged from custody by the marshal. There can be no doubt that the vessel is not liable to arrest in this action for the same cause of action for which she was arrested in the former action, she having been duly discharged on bond in that action. In The Union [Case No. 14,346], Mr. Justice Nelson says: "The vessel, after being discharged from the arrest, upon the giving of the bond or stipulation, returns into the hands of her owner, subject to all previously existing liens or charges, the same as before the seizure, except as respects that on account of which the seizure was made." If the court has no power to order a vessel which has been fairly discharged, on a bond or stipulation, from an arrest, back into the custody of the marshal, in the same suit, as was held in the case of The Union [supra], and also in the case of The White Squall [Case No. 17,570], a fortiori, it has no power to order her to be arrested a second time, in another suit, for the same cause of action. To order her back into the custody of the marshal, in the same suit, when she has been fairly, and not improvidently, or by fraud, or mistake, discharged by bonding, is simply to arrest her a second time for the same cause of action, after she has been discharged by bonding, from the lien or charge in respect of which she was arrested. To arrest her, under the same circumstances, in a new suit, for the same cause of action, is to do nothing more or less. In The Kalamazoo, 9 Eng. Law & Eq. 557, 560, Dr. Lushington says: "It is perfectly competent to take bail to the full value; but the effect of taking bail is to release the ship in that action altogether. It would be perfectly absurd to contend that you could arrest a ship, take bail to any amount, and afterwards arrest her again for the same cause of action. The bail represents the ship, and, when a ship is once released upon bail, she is altogether released from that action."

The libellant urges, that the fact that the former suit was discontinued, and that the costs therein were paid, before the present suit was brought, remits the libellant to all the rights which he had at the time he insti-

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 13,856.]